EUGENE WARDRICK BY HIS GUARDIAN AD LITEM, HERMAN WARDRICK v. EARL LEE DAVIS AND PETER DAVIS

No. 729SC396

(Filed 12 July 1972)

Automobiles § 94— riding with intoxicated driver — contributory negligence

Plaintiff's evidence established that he was contributorily negligent as a matter of law in riding in an automobile operated by defendant when he knew that defendant had been drinking beer and wine and was under the influence of intoxicants, although he may not have thought that defendant was drunk.

APPEAL by plaintiff from Bone, Judge, 17 January 1972 Special Civil Session of Superior Court held in FRANKLIN County.

The minor plaintiff, Eugene Wardrick, instituted this action through his Guardian Ad Litem, Herman Wardrick, against Earl Lee Davis, a minor and member of Peter Davis' household, and Peter Davis, the father of Earl Lee Davis and registered owner of a 1961 Plymouth involved in the complained of accident, seeking to recover damages for personal injuries resulting from a one car automobile accident.

Plaintiff alleged that on 7 April 1971 he was a passenger and invited guest in the 1961 Plymouth operated by the defendant, Earl Lee Davis, and that he was injured when the car left the paved portion of N. C. Highway # 56 and overturned three

times. Plaintiff alleged that his injuries were solely and proximately caused by the careless, reckless, negligent, and unlawful acts of the defendant, Earl Lee Davis, in the operation of the 1961 Plymouth just prior to and at the time of the accident. The specific actions, attributed to Earl Lee Davis, were that he operated said vehicle at a speed of approximatealy 80 m.p.h. in a 55 m.p.h. speed zone; that he failed to keep said vehicle under proper and reasonable control and failed to reduce his speed after being requested to do so by plaintiff; that he failed to keep a proper and careful lookout; and that he operated said vehicle while under the influence of intoxicating beverages, in violation of G.S. 20-138, which was unknown to plaintiff. Plaintiff further alleged that the negligence of Earl Lee Davis was imputed to the defendant, Peter Davis, under the family purpose doctrine.

In response, the defendants denied the material allegations in plaintiff's complaint, and alleged the plaintiff's contributory negligence as a bar to any recovery by plaintiff.

At trial, the plaintiff's evidence tended to show that on 7 April 1971 at about 7:00 p.m. plaintiff was injured while a passenger in an automobile driven by Earl Lee Davis.

Plaintiff testified that on the day of the accident he was 17 years old and in the 10th grade at Edward Best High School; that Earl Davis came by for him after school was out; that he and Davis with another friend, Austin, drove to Spring Hope, where they stopped and bought a six pack of the "big size beer"; that each drank about the same amount of the six beers, while riding around Spring Hope at about 4:00 or 4:20 p.m.; that at about 5 p.m. they bought a fifth of wine and "drank some" out of the bottle while parked on a dirt road; and that they then went to Austin's house where they stayed for about ten minutes.

Plaintiff stated, "I could have gotten out of the car at that time if I wanted to. I continued to ride with him knowing that he had drunk his part of the beer and his part of the wine."

As to the events preceding the accident, plaintiff testified as follows:

"Austin got in his own car and we were going to see Austin's girl friend. Me and Earl left Austin's house first.

"At the time we left I was feeling the effect of the alcoholic beverage. Earl did not act like he was drunk. We got on Highway 56 going toward Castalia and Austin was following us. Austin passed us and Earl was driving slowly then, no more than forty miles per hour; we had pulled off at the stop sign; had traveled about one-fourth mile; we drove about two miles further before Earl lost the car in the curve."

C. G. Todd, a North Carolina Highway Patrolman who investigated the accident, testified that when he arrived at the accident scene the plaintiff and defendant, Earl Lee Davis, had been taken to the hospital. At approximately 8:00 p.m., Patrolman Todd visited the hospital and made observations, as to which he testified as follows:

"Based upon my observation of Mr. Davis [Earl] and Mr. Wardrick, both had been drinking. I smelled alcohol on both of them. With reference to defendant Davis, I smelled a strong odor of some intoxicating beverage about his breath and person, his pupils were dilated in his eyes, they were glassy, eyes were glassy, bloodshot, he was thick tongued, mush mouthed, highly excited, little bit confused, and his movements were not that of a normal person.

"Mr. Wardrick had a strong smell of some intoxicating beverage about his breath and person. He was a little more thick tongued than Mr. Davis."

At the close of plaintiff's evidence, the defendants moved for a directed verdict, their motion was allowed, and plaintiff appealed.

*Hubert H. Senter for plaintiff-appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay, by I. Edward Johnson, for defendant-appellees.*

BROCK, Judge.

The only assignment of error that plaintiff brings forward on this appeal is that the trial judge erred in granting defendants' motion for a directed verdict at the close of plaintiff's evidence. The decision of the trial judge was based on the reason

that plaintiff's evidence tended to show that he was guilty of contributory negligence as a matter of law. We agree.

The thrust of plaintiff's argument is that his evidence was sufficient to establish a case for the jury and that his evidence fails to show that he was contributorily negligent as a matter of law. In fact, plaintiff relies upon *Jackson v. Jackson,* 4 N.C. App. 153, 166 S.E. 2d 541, and the cases cited therein. However, we find *Jackson* and the other cases plaintiff cites distinguishable in that in each case there were conflicting inferences which might be drawn from the circumstances and there were discrepancies and contradictions in the evidence for jury determination.

In the present case, plaintiff in his complaint alleged that defendant (Earl Davis) operated his vehicle upon the public roads of North Carolina while under the influence of intoxicating beverages in violation of G.S. 20-138, which was unknown to plaintiff. However, the evidence offered by plaintiff and his witnesses, even in the light most favorable to plaintiff, tends to show that both plaintiff and defendant, Earl Davis, had consumed a quantity of beer and a quantity of wine. Obviously, the defendant and plaintiff had been drinking and the plaintiff had knowledge of defendant's condition resulting from the spirits. In fact, the only clear inference from plaintiff's evidence was that the defendant Earl Davis was under the influence or intoxicated and no other reasonable conclusion could be drawn therefrom. The inference of defendant's being under the influence is unequivocal and is not diminished by plaintiff's pleading that this fact was unknown to him. The plaintiff's own statement that he was feeling the effect of the alcoholic beverage refutes any theory that he did not have knowledge of defendant being under the influence when both of them "drank about the same amount."

The language of Justice Sharp in *Davis v. Rigsby,* 261 N.C. 684, 136 S.E. 2d 33, which follows, is controlling:

"It is negligence *per se* for one to operate an automobile while under the influence of an intoxicant within the meaning of G.S. 20-138. [citation omitted]. If one enters an automobile with knowledge that the driver is under the influence of an intoxicant and voluntarily rides with him, he is guilty of contributory negligence *per se.* [citation omitted]."

In the case now before us, the plaintiff's evidence tends to show that he had knowledge that defendant had been drinking beer and wine during the afternoon in his presence and that he entered the car and rode with the defendant, whom plaintiff must have known to be under the influence of intoxicants, although he may not have thought him to be drunk. "He [plaintiff] cannot avoid the consequences of his lack of prudence by saying that the defendant was not *drunk*. The two terms are not necessarily synonymous." *Davis v. Rigsby, supra.*

Therefore, the plaintiff's evidence is not conflicting and it clearly tends to show that he was contributorily negligent as a matter of law. The directed verdict for defendant was proper and the order is

Affirmed.

Judges MORRIS and HEDRICK concur.