PINKNEY LECK HARRIS v. JAMES DANIEL BRIDGES, B & P MOTOR LINES, INC. AND MICHAEL EDWARD VAUGHN

No. 7927SC695

(Filed 15 April 1980)

1. **Automobiles § 94.7— passenger's knowledge of driver's intoxication—no contributory negligence as matter of law**

   Evidence was insufficient to show that plaintiff was contributorily negligent as a matter of law by riding in a vehicle driven by defendant knowing defendant was intoxicated where the evidence tended to show that plaintiff saw defendant drink one beer prior to the time they set out in the car; in plaintiff's opinion defendant was not under the influence of alcohol; and plaintiff recalled that the car was "not going very fast" just before the accident.

2. **Automobiles § 90.1— tractor-trailer equipped with lights—lights in use—jury instructions proper**

   In an action to recover for injuries sustained by plaintiff in a collision between a car in which he was a passenger and a tractor-trailer truck, the trial court properly charged the jury that by statute the trailer was required to be

equipped with a certain number of lights; if they believed the witness they would find that the trailer was properly equipped with lights; and the issue of negligence they must determine was whether the lights were lighted at the time of the collision.

**3. Automobile § 90.10 — tractor-trailer driver's negligence — defendant not entitled to instructions**

In an action to recover for injuries sustained by plaintiff in a collision between a car in which he was a passenger and a tractor-trailer truck, plaintiff was not entitled to additional requested instructions on the tractor-trailer driver's negligence where there was no evidence that he failed to keep control of his vehicle or maintain a reasonable speed in that he either could have or should have accelerated when he saw a car approaching .3 mile away, since his uncontradicted testimony was that he could not accelerate the tractor-trailer while he was in a turn, and when he saw that the car was going to hit him, he did try to accelerate to get out of the way.

**4. Automobiles § 91.2; Trial § 55 — contributory negligence argued but not submitted to jury — prejudice cured by setting aside verdict**

Defendant was not prejudiced by the fact that all parties argued the issue of contributory negligence to the jury but that issue was not submitted, since the jury found defendant negligent but awarded plaintiff no damages, and the court set aside the verdict on the damages issue.

**5. Trial § 48 — part of verdict contrary to law set aside — other part of verdict set aside in court's discretion**

Where the jury found that plaintiff was injured by defendant's negligence but found that plaintiff was not entitled to recover any damages, and the trial court set aside the verdict with respect to damages as being contrary to law, the court acted within its discretion in also setting aside the verdict finding defendant negligent.

APPEAL by plaintiff and by defendant Vaughn from *Gaines, Judge.* Judgment entered 5 February 1979 in Superior Court, GASTON County. Heard in the Court of Appeals 7 February 1980.

Plaintiff seeks to recover for the injuries he sustained in an automobile accident. Plaintiff was a passenger in a car driven by defendant Vaughn, which collided with a tractor-trailer driven by defendant Bridges within the scope of his employment by defendant B & P Motor Lines, Inc.

Defendants Bridges and B & P alleged plaintiff's contributory negligence in failing to protest defendant Vaughn's negligent operation of the automobile while intoxicated. Defendant B & P also cross-claimed against defendant Vaughn. Defendant Vaughn alleged that plaintiff was contributorily negligent in voluntarily continuing to ride in the automobile though he knew Vaughn was

intoxicated. Vaughn cross-claimed against the other defendants. Upon motion, the court ordered the cross-claims severed and tried separately.

At trial of the plaintiff's action, the following evidence was presented: On 3 April 1977, at about 1:50 a.m., plaintiff was a passenger in defendant Vaughn's automobile, traveling north on Highway 150. Before they set out in the car plaintiff had drunk five beers, and had seen defendant Vaughn drink one. The accident occurred where a paved road intersects the highway. Three- to four-tenths of a mile south of the intersection there is a slight curve in the highway. The posted speed limit was 55 m.p.h., and a slight misty rain was falling. Plaintiff did not see the truck before the collision, and he did not recall how Vaughn was driving, but he did remember that they were not going very fast. In his opinion no one in the car was under the influence of alcohol. Plaintiff suffered a broken jaw in the accident, and he presented evidence of the involved and lengthy treatment of his injury.

The Highway Patrolman who was called to the accident observed a strong odor of alcohol about defendant Vaughn. He saw several empty Miller bottles in the floor of the car. Plaintiff had an odor of alcohol about him, but he was not inebriated.

Dennis Dalton, who had been in the backseat of Vaughn's car at the time of the collision, saw the lights of the truck cab about 100 feet before they reached it. He did not observe any lights on the trailer. The truck appeared to be in its proper lane, the southbound lane, but actually it was partially in the northbound lane as well. The rear wheels of its trailer were in the center of the northbound lane. He estimated the Vaughn car was going 40-45 m.p.h.

Defendant Bridges testified that at the time the accident occurred he was making a sharp left turn from the paved road into the southbound lane of Highway 150. His co-driver, Steve Allen, was with him in the cab. Bridges looked, and saw no cars approaching from either direction before he started his turn. He was familiar with the intersection, which is near his home. The lights on the cab and trailer were on, and the trailer also had reflectors.

After Bridges started his turn he saw headlights around the curve four-tenths of a mile away, and he knew that a car was approaching. He could see the car when it was three-tenths of a mile away. He proceeded across the intersection in second gear, at approximately seven m.p.h.; in the turn he could not accelerate. In Bridges' opinion, Vaughn's vehicle was traveling 70 m.p.h. Bridges did not accelerate until the car was 30 feet away, at which time he knew he was going to be hit and tried to get out of the way. The car hit the trailer at the rear wheels of the trailer; it did not slow down before the collision.

Thomas Long, defendant Bridges' stepfather, and Steve Allen testified that before the accident all the truck's lights were in working order, and that they were still on after the collision. Ola Blanton, who lives near the scene of the accident, testified that in her opinion plaintiff was under the influence of alcohol.

Defendants' motions for directed verdict were denied. The court advised counsel that he would submit to the jury the issues of negligence, contributory negligence, and damages, and these issues were argued to the jury. The court then decided that he would not instruct the jury on contributory negligence. The court offered to re-open closing arguments, but counsel indicated that they felt this would put them in an even worse position. Defendants' motion for mistrial was denied. The court charged the jury without any mention of contributory negligence.

The jury answered the issues submitted to it as follows:

(1) Was the plaintiff, Pinkney Leck Harris, injured and damaged as a result of the negligence of the defendant, James Daniel Bridges?

ANSWER: NO.

(2) Was the plaintiff, Pinkney Leck Harris, injured and damaged as a result of the negligence of the defendant, Michael Edward Vaughn?

ANSWER: YES.

(3) What amount of damages, if any, is the plaintiff entitled to recover?

ANSWER: NONE.

The court set aside the answers to issues 2 and 3 and ordered that they be scheduled for retrial. From the court's judgment both plaintiff and defendant Vaughn appeal.

> *Frank Patton Cooke, by James R. Carpenter, for plaintiff appellant.*

> *Hollowell, Stott & Hollowell, by Grady B. Stott, for defendant appellant Vaughn.*

> *Hedrick, Parham, Helms, Kellam, Feerick & Eatman, by Hatcher Kincheloe, for defendant appellees Bridges and B & P Motor Lines, Inc.*

ARNOLD, Judge.

## Defendant Vaughn's Appeal

[1]  Defendant contends that because plaintiff was contributorily negligent as a matter of law, defendant was entitled to a directed verdict on the issues of negligence. This argument is without merit. The evidence reveals that plaintiff saw defendant drink one beer prior to the time they set out in the car; that in plaintiff's opinion defendant was not under the influence of alcohol; and that plaintiff recalls the car was "not going very fast" just before the accident. This evidence does not set out circumstances which would have required plaintiff to protest defendant's continuing to drive in order to avoid being contributorily negligent. "[A] plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge . . ., either actual or constructive, of the danger of injury which his conduct involves." *Chaffin v. Brame*, 233 N.C. 377, 380, 64 S.E. 2d 276, 279 (1951). If defendant Vaughn was in fact driving under the influence, there is no evidence to impute knowledge of that fact to the plaintiff.

[2]  Defendant argues further that he was entitled to have the verdict on the first issue set aside. He contends that the court erred by giving a peremptory instruction on defendant Bridges' negligence when in fact there was conflicting evidence. An examination of the jury charge, however, reveals that defendant has taken the portion to which he objects out of context. Defendant Bridges, his co-driver, and his stepfather all testified that the

trailer was completely equipped with the required lights, and that they were in working order and lighted at the time of the accident. Dennis Dalton, a passenger in Vaughn's car, testified that he saw the trailer as they approached it, but did not see any lights on it. The trial court charged the jury that by statute the trailer was required to be equipped with a particular number of lights, and that if they believed the witnesses they would find that the trailer was properly equipped with lights. It is this portion of the charge to which defendant Vaughn objects. The evidence is uncontradicted, however, that the trailer was so equipped. And the court went on to charge the jury that the issue of negligence they must determine was whether the lights were lighted at the time of the collision. This is a correct statement of the law. Defendant's assignment of error is without merit.

We find no error in the court's decision not to submit contributory negligence to the jury. As we have indicated above, no evidence was presented which would have supported such a charge. On his appeal, defendant Vaughn cannot prevail.

## Plaintiff's Appeal

[3]   Plaintiff contends that he was prejudiced by the court's refusal to give additional requested instructions on the negligence of defendant Bridges. We find no merit in this contention. There is no evidence that defendant Bridges failed to keep control of his vehicle or maintain a reasonable speed, in that he either could have or should have accelerated when he saw Vaughn's car three-tenths of a mile away. His uncontradicted testimony is that, driving a tractor-trailer, he could not accelerate in a turn, and that when he saw that Vaughn was going to hit him he did try to accelerate to get out of the way. Nor is there evidence that would support an instruction on either G.S. 20-154 or G.S. 20-148.

[4]   Plaintiff assigns error to the denial of his motion for mistrial, arguing that he was prejudiced by the fact that all parties argued the issue of contributory negligence to the jury but that issue was not submitted. Had the trial court not set aside the verdict on the third issue, the possibility of prejudice to plaintiff might exist, since the fact that the jury found defendant Vaughn negligent but awarded plaintiff no damages supports an inference that the jury considered contributory negligence in assessing

damages. However, in light of the fact that the answer to the third issue was set aside by the court and scheduled for a new trial, we can see no prejudice to the plaintiff.

[5]  Plaintiff argues that the court erred in setting aside the verdict on the second issue, the issue of defendant Vaughn's negligence. While we agree with plaintiff that there was plenary evidence to support this verdict, we find no error in the court's decision that in setting aside the verdict in the third issue, it should set aside the verdict in the second issue as well.

The verdict on the third issue was contrary to law, and was properly set aside. *See Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974) (if the plaintiff has been injured by defendant's negligence, and did not contribute to his injury by his own negligence, he is entitled to a reasonable satisfaction for his injuries). In setting aside the verdict on the second issue as well, the court acted within its discretion, and reached a result consistent with the decision in *Robertson v. Stanley, id.* There the court indicated that an inconsistent verdict on damages should result in a complete new trial. "In our opinion, the issue of negligence, contributory negligence, and damages are so inextricably interwoven that a new trial on all issues is necessary." *Id.* at 569, 206 S.E. 2d 196.

We have considered plaintiff's further assignments of error, and we find no prejudice to him arising from them.

### Defendants Bridges' and B & P Motor Lines, Inc.' Cross-Assignments of Error

These defendants present three arguments as cross-assignments of error. Since we have found no error in the court's decision to accept the verdict on the first issue, which found these defendants not negligent, we need not address these arguments. The purpose of cross-assignments of error is to set out errors which may have deprived the appellee of an alternate basis for supporting the judgment in his favor. Rule 10(d), Rules of Appellate Procedure, and Comment thereto.

We find no error in the trial court proceedings, and the judgment of that court is

Affirmed.

Judges PARKER and WEBB concur.