LAWRENCE E. WATKINS, ADMINISTRATOR OF THE ESTATE OF MELISSA GRAY WATKINS v. LISA SUSANNE HELLINGS

No. 8610SC540

(Filed 2 December 1986)

1. Negligence § 23— contributory negligence—pleading sufficient

In a wrongful death action arising from an automobile accident in which both the driver and the deceased had been drinking, defendant's answer sufficiently alleged contributory negligence where defendant specifically alleged contributory negligence and referred to the actions which constituted the alleged contributory negligence. N.C.G.S. § 1A-1, Rule 8(c).

2. Automobiles and Other Vehicles § 74.1— intoxicated driver—contributory negligence of passenger—evidence sufficient

In a wrongful death action arising from an automobile accident in which both defendant driver and the deceased passenger had been drinking, defendant's evidence of contributory negligence by the passenger was sufficient to support a verdict for defendant where the consumption of alcohol took place during the drive itself; decedent was certainly aware that she had poured the driver at least half a bottle of wine; the attending physician, the police officer,

and her parents all testified that it was obvious to them that the alcohol had affected the driver; and an expert testified that someone with a blood alcohol level of .10%, as the driver had, would have dulled senses, altered judgment, slowed response to stimuli, depressed nerves, and an impaired ability to drive a car.

**3. Negligence § 38— automobile accident—intoxicated driver—contributory negligence of passenger—instructions erroneous**

In a wrongful death action arising from an automobile accident in which both the passenger and the driver had been drinking, the court erred in its instructions on contributory negligence by instructing the jury that decedent contributed to her own death if she was negligent in any one of three ways: knowingly and voluntarily riding with a driver under the influence, or knowingly and voluntarily riding with a driver with a blood alcohol level of .10 or more, or furnishing the driver with such a quantity of alcohol that she should have known that the driver could or might have become impaired. Under ordinary circumstances, a passenger could not know the blood alcohol level of a driver, and the test is not whether the driver could have become impaired, but whether the passenger knew or reasonably should have known that the driver was impaired.

**4. Rules of Civil Procedure § 37— failure to admit—sanctions—Shuford approach adopted**

An order requiring plaintiff to reimburse defendant for expenses incurred as a result of plaintiff's failure to admit requests concerning defendant's blood alcohol test was vacated and remanded where the court's order was not supported by findings of fact and conclusions of law. The Court adopted the Shuford approach, requiring negative findings with respect to the four exceptions set out in N.C.G.S. § 1A-1, Rule 37(c).

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 12 November 1985 in WAKE County Superior Court. Heard in the Court of Appeals 22 October 1986.

Plaintiff brought this action to recover for the wrongful death of his daughter Melissa Watkins. At trial, the evidence tended to show the following pertinent events and circumstances.

Melissa Watkins and defendant Lisa Hellings were freshman roommates at the University of North Carolina at Wilmington. On Saturday, 9 April 1983, the two girls and another roommate were sitting in the apartment talking. Melissa was drinking wine; Lisa drank only cola. At about 8:00 p.m., Melissa and Lisa began discussing their plans for the evening. Melissa suggested that they go to a nightclub in Raleigh. Lisa agreed to go. Melissa was the only one who had a car, but since she had been drinking and Lisa had not, she asked Lisa to drive.

Before leaving Wilmington, they stopped at a convenience store to buy gas. As Lisa went in to pay, Melissa asked her to get some wine. She bought a fifth of a gallon bottle of wine containing 12% alcohol. The girls had brought along their glasses—Melissa had a wine glass and Lisa had been drinking her cola out of a larger goblet. Melissa poured each of them wine as they drove. Lisa testified that the only time Melissa commented on the speed or safety of her driving was to tell her, "Let's get there; hurry up, we need to get there."

After they reached Clinton, Melissa had to direct Lisa where to turn since she was unfamiliar with the stretch of road between Clinton and Raleigh. By this time it had begun to rain very hard. Sometime after 10:30 p.m., the girls finished the wine. Lisa drank half of the bottle of wine—two or three glasses. Lisa handed her empty glass to Melissa, who then tossed it into the back seat where it hit the empty wine bottle. This startled Lisa; she told Melissa she thought the glass had broken and began feeling for the overhead light switch. At this time they were approaching a curve. Lisa started to turn but did not turn enough; she ran off the road and then turned the wheel too hard as she tried to get back on. The car skidded back across the rain-soaked road and ran into the opposite ditch. Melissa was fatally injured in the accident. Both girls were taken to a Dunn hospital. At the hospital, Lisa was observed by Terry Stroud, the investigating highway patrolman; Dr. James Anchors, the emergency room physician; and both of her parents. A sample of Lisa's blood was taken soon after her arrival at the hospital, which revealed a blood alcohol level of .10 percent. To those witnesses who observed Lisa at the hospital, she showed signs of intoxication.

The court denied plaintiff's motion for a directed verdict and submitted the issues of negligence, contributory negligence and damages to the jury. The jury found the defendant negligent but found that plaintiff was contributorily negligent. Plaintiff appealed.

*Henson, Fuerst & Willey, P.A., by Ralph G. Willey, III and Thomas W. Henson, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Sanford W. Thompson IV, for defendant-appellee.*

WELLS, Judge.

[1]   Plaintiff first contends that the defendant's answer was insufficient to allege contributory negligence under North Carolina law, and that the court therefore erred in submitting the issue of contributory negligence to the jury. We disagree.

Plaintiff argues that defendant failed to specifically allege in her complaint that plaintiff's decedent "had actual knowledge that the defendant's mental and physical faculties were appreciably impaired at the time of the driving." In support of his position, plaintiff cites two cases: *Maynor v. Pressley*, 256 N.C. 483, 124 S.E. 2d 162 (1962) and *Lawson v. Benton*, 272 N.C. 627, 158 S.E. 2d 805 (1968). However, in 1972 this State abandoned Code pleadings in favor of notice pleadings. The purpose was to liberalize the old, detailed rules while still ensuring that the opposing party would have adequate notice of issues in order to prepare for trial. Current requirements for the pleading of contributory negligence are set out in N.C. Gen. Stat. § 1A-1, Rule 8(c) of the N.C. Rules of Civil Procedure:

> In pleading to a preceding pleading, a party shall set forth affirmatively . . . contributory negligence . . . . Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved.

Thus, the question in the case at bar is whether the defendant's pleadings were sufficient to give plaintiff notice of what the defense intended to prove.

Defendant's answer contained the following allegation:

> G. If Lisa Suzanne Hellings was guilty of any negligent conduct in the operation of the 1980 Plymouth automobile as alleged in the complaint, all of which is again expressly denied, then and in such event: Melissa Gray Watkins negligently, carelessly, recklessly and in willful and wanton disregard for her own rights and safety, poured and furnished alcoholic beverages to Lisa Suzanne Hellings during their trip from Wilmington; Melissa Gray Watkins voluntarily entered and continued to ride in the motor vehicle being

operated by Lisa Suzanne Hellings at a time when Melissa Gray Watkins knew that the ability of Lisa Suzanne Hellings to safely operate the vehicle was becoming impaired by the fact that she was consuming the alcoholic beverages being poured and furnished to her by Melissa Gray Watkins to the extent that her mental or physical faculties or both, might or could have been impaired; Melissa Gray Watkins was contributorily negligent in assuming the risk of harm to her person in furnishing the alcoholic beverages and riding in the vehicle under these circumstances which a reasonable and prudent person would have recognized as a foreseeable risk of harm.

In this excerpt, defendant specifically alleged contributory negligence and referred to the actions which constituted the alleged contributory negligence. Plaintiff was therefore put on notice that defendant would try to prove that plaintiff could not recover on those grounds.

[2]  Plaintiff next contends that defendant's evidence of contributory negligence was insufficient as a matter of law to support a verdict for the defendant. In order to establish a passenger's contributory negligence in riding with an intoxicated driver, a defendant in North Carolina must offer evidence of the following:

>    (1) the driver was under the influence of alcohol;

>    (2) the passenger knew or should have known that the driver was under the influence;

>    (3) the passenger voluntarily rode with the driver despite his actual or constructive knowledge that the driver was under the influence.

*Dinkins v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543 (1961). Plaintiff in the case at bar argues that defendant failed to prove that the plaintiff's decedent was aware or should have been aware that defendant was impaired. We disagree.

In deciding whether the evidence of contributory negligence was insufficient to support the jury's verdict, we must view the evidence in the light most favorable to defendant. *Boyd v. Wilson*, 269 N.C. 728, 153 S.E. 2d 484 (1967). If different conclusions could

be drawn from that evidence, then the question was properly one for the jury. *Id.* As long as there is more than a scintilla of evidence to support the jury's verdict, that verdict must be upheld. *Howell v. Lawless,* 260 N.C. 670, 133 S.E. 2d 508 (1963). This court has, however, held as a matter of law that a plaintiff was not contributorily negligent in riding with an intoxicated driver. In *Harris v. Bridges,* 46 N.C. App. 207, 264 S.E. 2d 804, *disc. rev. denied,* 300 N.C. 556, 270 S.E. 2d 107 (1980), the plaintiff was riding home late one night with the defendant. The two had been drinking; plaintiff testified that he had consumed five beers but had seen defendant drink only one. Plaintiff did not remember the manner in which defendant was driving before the accident, but he did recall that it was "not very fast." The trial court refused to submit the issue of contributory negligence to the jury, and plaintiff appealed. Judge Arnold, writing for this court, found that even if the defendant were under the influence of alcohol, there was no evidence to impute knowledge of that fact to the plaintiff and the issue was properly withheld from the jury.

In *Crowder v. N.C. Farm Mut. Ins. Co.,* 79 N.C. App. 551, 340 S.E. 2d 127, *disc. rev. denied,* 316 N.C. 731 (1986), we also concluded that there was no permissible inference that the plaintiff was contributorily negligent. In that case, there was evidence that the defendant driver was drinking and riding horses between 9:00 a.m. and 12:00 noon; the accident occurred sometime after 4:00 p.m. There was no evidence that there was any alcohol in his system at that time, nor had he driven erratically before the accident. We held that the only evidence of the defendant's intoxication was too remote as a matter of law to allow the issue to reach the jury.

These cases are distinguishable from the one at bar. In *Crowder,* the plaintiff knew only that the defendant driver had been drinking some four hours before the wreck; here, the consumption took place during the drive itself. In *Harris,* the evidence indicated only that the plaintiff knew that the defendant had consumed one beer. In the case at bar, the plaintiff's decedent was certainly aware that she had poured Lisa at least half of a bottle of wine. Our courts have held that the amount of alcohol consumed may be evidence of knowledge of impairment just as driving erratically and otherwise "acting drunk" may be evidence of such impairment. *See, e.g., Bank v. Lindsey,* 264 N.C. 585, 142

S.E. 2d 357 (1965); *Wardrick v. Davis*, 15 N.C. App. 261, 189 S.E. 2d 746 (1972). Plaintiff emphasizes that defendant testified that her driving had been safe and prudent up to the time of the accident and concludes that there was nothing to put Lisa on notice that her friend was impaired. However, the attending physician, the police officer and her parents all testified that it was obvious to them that the alcohol had affected her. In addition, an expert testified that someone with a blood-alcohol content of .10% would have dulled senses, altered judgment, slowed response to stimuli, depressed nerves and an impaired ability to drive a car. Thus, there was ample evidence from which the jury could find that Lisa Hellings was driving while under the influence of alcohol; that Melissa Watkins was aware or should have been aware that the defendant was under the influence; and that Melissa continued to ride with her in spite of that knowledge.

[3]   Plaintiff's next assignment of error is more problematic. It concerns the trial court's jury instruction on the issue of contributory negligence. Although the court mentions the elements of contributory negligence at other times, the final mandate to the jury is representative. The court instructed the jury that Melissa Watkins contributed to her own death

> . . . if the defendant has proved by the greater weight of the evidence that at the time of the accident that Melissa Watkins was negligent in any one of the following respects:
>
> (1) that she knowingly and voluntarily rode with Lisa Hellings when Lisa Hellings was under the influence of an intoxicating beverage, or
>
> (2) that she knowingly and voluntarily rode with Lisa Hellings when Lisa Hellings had a blood alcohol level of .10 percent or more by weight while she was driving, or
>
> (3) that she furnished Lisa Hellings such a quantity of alcohol while she was driving that she should have known that this could or might cause Lisa Hellings to become under the influence of alcohol. . . .

(Numerals added.) Although the first statement is proper, the phrasing of the introductory remarks allowed the jury to base its decision entirely on either of the remaining prongs. The second prong of the court's above-quoted instruction was clearly wrong

on the vital question of knowledge of the driver's impairment. It is obvious that under ordinary circumstances a passenger could not know the blood alcohol level of a driver. Certainly Melissa Watkins did not know the blood alcohol level of Lisa Hellings.

The third prong of the court's instructions is also in error. While the furnishing of alcohol to a driver by a passenger is unwise (and apparently now unlawful), the test to be applied in cases such as the one before us is not whether the passenger should have known that the alcohol furnished could or might have caused the driver to become impaired (under the influence), but whether as a result of the alcohol furnished, the passenger knew or reasonably should have known that the driver was impaired. These errors require a new trial.

[4] Plaintiff's final assignment of error concerns sanctions imposed on plaintiff pursuant to N.C. Gen. Stat. § 1A-1, Rules 36 and 37(c) of the N.C. Rules of Civil Procedure. The sanctions were imposed because of plaintiff's refusal to admit certain requests for admissions concerning defendant's blood-alcohol test. In his brief, plaintiff contends that his failure to admit was justified because there was some evidence of a mixup in the blood samples. The court ordered plaintiff to reimburse defendant for $5,316.28 in expenses incurred as a result of the failure to admit.

Plaintiff first contends that, since the court's order was not supported by findings of fact and conclusions of law, the issue should be remanded for further findings. Rule 37(c) is as follows:

(c) *Expenses on Failure to Admit.* If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

While the rule itself does not require the trial court to make negative findings with respect to the four exceptions set out in the rule, one recognized authority has stated that it is the better practice to do so. *See* Shuford, N.C. Civ. Prac. and Pro. (2nd ed.), § 37-13. Another recognized authority suggests that the denial of a Rule 37(c) motion for sanctions should be accompanied by findings "pursuant to the rule." *See* 1A-Pt 2 Moore's Federal Practice § 37.04. Because of the risk to litigants of substantial monetary awards against them in the application of the Rule, as reflected by the trial court's order in this case, we adopt the Shuford "better practice" approach as a requirement in such cases, and accordingly order that on retrial, the trial court make such findings in disposing of defendant's motion for expenses. Accordingly, we vacate the trial court's order and remand defendant's motion for further consideration.

Vacated and remanded in part;

New trial.

Judges BECTON and ORR concur.