THOMAS H. HOWELL, JR., by his Next Friend, G. RAY MOTSINGER v. ERSKINE T. LAWLESS, and JOHN T. THACKER, Guardian of ER-SKINE T. LAWLESS.

(Filed 11 December 1963.)

**Automobiles § 49—**

The evidence in this case *is held* sufficient to be submitted to the jury on the question of plaintiff passenger's contributory negligence in voluntarily riding without protest in a car driven by defendant when plaintiff knew defendant to be under the influence of intoxicating beverages.

Appeal by defendant from *McLaughlin, J.,* March 1963 Civil Session of Forsyth.

Plaintiff, a guest passenger, was thrown from defendant's automobile when it failed to traverse a curve on Indiana Avenue just outside of the city limits of Winston-Salem. He instituted this action to recover for the resulting personal injuries. Defendant conceded his own negligence but, as a defense, plead the plaintiff's contributory negligence as follows:

"The condition of the defendant, resulting from his having been drinking intoxicants, was one of the proximate causes of the automobile accident which occurred in the early morning of October 15, 1961, in which the plaintiff sustained some injuries. . . . (T)he plaintiff was also negligent in that he well knew that the defendant had been drinking intoxicating beverages, well knew that his ability to operate an automobile was substantially impaired as a result thereof, but nevertheless the plaintiff, with full knowledge of these facts, voluntarily rode with the defendant and remained in the automobile of defendant without protest as to the defendant's method of operating it. . . . and the negligent conduct of the plaintiff was one of the concurring proximate causes of such injuries as the plaintiff may have sustained."

The defendant offered no evidence. At the conclusion of plaintiff's evidence he tendered issues of negligence, contributory negligence, and

damages. The judge declined to submit the issue of contributory negligence. The jury answered the two issues submitted in favor of the plaintiff and, from judgment on the verdict, defendant appealed. Relevant portions of the plaintiff's evidence appear in the opinion.

*Clyde C. Randolph, Jr., for plaintiff appellee.*
*Deal, Hutchins & Minor for defendant appellant.*

SHARP, J.  The determinative question on this appeal is whether plaintiff's evidence, considered in the light most favorable to the defendant, contains any inference that the plaintiff himself was guilty of contributory negligence. *Wilson v. Camp*, 249 N.C. 754, 107 S.E. 2d 743. If there is more than a scintilla of such evidence, it is a matter for the jury. *Absher v. Raleigh*, 211 N.C. 567, 190 S.E. 897. Plaintiff's evidence discloses the following facts:

About 4:30 p.m. on October 14, 1961, plaintiff and defendant purchased six twelve-ounce cans of beer at a tavern. They then repaired to an ABC store where they bought a pint of one-hundred proof vodka. At 6:00 p.m. they arrived at the Dixie Classic Fair. Between that time and 10:30 p.m. each had consumed three beers and had taken three "medium" drinks directly from the bottle of vodka. They shared the vodka with a third person to whom they gave the half emptied bottle when they left the fairground. Between midnight and 12:30 a.m. plaintiff and defendant went to a grill where each had a sandwich. Shortly after 1:00 a.m. they were enroute home in defendant's automobile, traveling north on Indiana Avenue. The speed limit for the area was thirty-five miles per hour and the automobile was in good mechanical condition. Defendant drove the automobile into a sharp curve to the right at a speed of about fifty miles per hour. Its right wheels went off on the right shoulder of the road. The defendant quickly turned the vehicle back onto the pavement where it skidded and ran off the left side of the road, pushing over two trees and clipping a guy wire before coming to rest.

About thirty minutes after the accident an ambulance arrived and took plaintiff and the defendant to a hospital. Highway Patrolman Woods learned of the accident at 2:10 a.m. and went immediately to the scene where he examined the automobile which appeared to him to be a total loss. Later that night he interviewed the defendant at the emergency room of the Baptist Hospital. At the trial, the patrolman testified: "I do know that just as soon as I confronted him I could smell an alcoholic beverage; there was no doubt about what it was."

Plaintiff testified that neither he nor the defendant had drunk any alcoholic beverages after 10:30 p.m. He stated that during the evening the defendant had consumed as much as he had; that the effect of the vodka upon him "was still there to some extent" when he left the Fair; that he had ridden with the defendant when he was quite sober and on those occasions defendant had never attempted to take that curve at any such rate of speed. With reference to defendant's operation of the automobile, plaintiff testified: "(H)e wasn't reckless or nothing. I mean I wasn't scared to ride with him and I don't think anybody else would have been."

Whether a guest passenger who voluntarily enters an automobile being operated by a driver he knows has been drinking intoxicants is guilty of contributory negligence is a matter to be determined by the rules expounded in *Dinkins v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543 and *Bell v. Maxwell*, 246 N.C. 257, 98 S.E. 2d 33. By those standards, the foregoing evidence is clearly sufficient to require the submission of the question of plaintiff's contributory negligence to the jury. In order that it may be submitted, there must be a

New trial.