MARIE WATSON, ADMINISTRATRIX OF THE ESTATE OF HOBART WATSON, DECEASED v. ROBERT R. STORIE

No. 8325SC1140

(Filed 4 September 1984)

1. **Automobiles and Other Vehicles § 94.8— continuing to ride with defendant— failure to remonstrate—contributory negligence—insufficient evidence**

    The evidence was insufficient to permit a jury finding that decedent was contributorily negligent in continuing to ride with defendant or in failing to remonstrate with defendant where the record was devoid of evidence tending to show that plaintiff was aware, or in the exercise of due care should have been aware, of negligent behavior on the part of defendant or that plaintiff had an opportunity to remonstrate with defendant prior to the accident; the record contained no evidence tending to show that plaintiff did not in fact so remonstrate; and there was no evidence that defendant's ability to operate the vehicle at the time of the accident was in any way impaired by beer he had consumed two hours earlier.

2. **Automobiles and Other Vehicles § 94.8— failure to remonstrate with driver— evidence too remote**

    Testimony that defendant was driving "too fast and weaving" some seven hours prior to the accident in question was too remote to raise an inference of contributory negligence by decedent in failing to remonstrate with defendant driver.

3. **Appeal and Error § 62— error relating to contributory negligence—new trial— retrial of negligence issue**

    When the appellate court remanded the case for a new trial because of an error in the instructions with respect to contributory negligence, the trial court did not err in retrying the issue of defendant's negligence since the issues of negligence, contributory negligence and damages were so inextricably interwoven that a new trial on all issues was required.

APPEAL by plaintiff from *Saunders, Judge*. Judgment entered 24 June 1983 in Superior Court, CALDWELL County. Heard in the Court of Appeals 27 August 1984.

This is a civil action wherein plaintiff, administratrix of the estate of her deceased husband, Hobart Watson, seeks to recover damages for the wrongful death of her intestate allegedly resulting from the negligence of defendant. Evidence introduced at trial tended to show the following:

On 17 September 1979, shortly before noon, plaintiff's intestate, his son and daughter, defendant, and two other people set out in a pickup truck for a rural area approximately fifteen miles away. All four men were drinking alcoholic beverages. Decedent's son and daughter got out of the truck before it reached its destination. Decedent's daughter testified that she got out of the truck because defendant, driver, "was going too fast and weaving past cars." On the return trip, some eight hours later, the truck hit loose gravel and defendant, driver, lost control of the vehicle, which hit an embankment. Plaintiff's intestate was injured in the accident and died approximately thirty-five hours later. Plaintiff subsequently filed this wrongful death action, first tried before a jury in October 1981. Plaintiff appealed to this Court from a jury verdict finding defendant negligent and plaintiff's intestate contributorily negligent, and in an opinion reported at 60 N.C. App. 736, 300 S.E. 2d 55 (1983), this Court awarded plaintiff a new trial for error committed by the trial judge in charging the jury. On 20 June 1983 the case was again tried before a jury, which again returned a verdict finding defendant negligent and plaintiff's intestate contributorily negligent. Plaintiff appealed.

*West, Bingham, Delk & Swanson, by Ted G. West, for plaintiff, appellant.*

*Todd, Vanderbloemen and Respess, P.A., by Bruce W. Vanderbloemen, for defendant, appellee.*

HEDRICK, Judge.

[1] Plaintiff contends, based on Assignment of Error No. 3, that the trial judge erred in submitting the issue of contributory negligence. Plaintiff argues there is no evidence in the record to support the jury's finding of contributory negligence. Defendant,

on the other hand, argues that "there was more than ample opportunity for the decedent to remove himself from the vehicle . . . or to remonstrate the driver to cease driving recklessly, let someone else drive, or stop driving fast and weaving around cars. Instead, the decedent chose to remain in the truck, continue drinking, say nothing of the operation of the vehicle, and not take advantage of the opportunity to remove himself from the danger as it was then presented."

> The principle is generally recognized that when a gratuitous passenger becomes aware that the automobile in which he is riding is being persistently driven at an excessive and dangerous speed, the duty devolves upon him in the exercise of due care for his own safety to caution the driver, and, if his warning is disregarded and speed unaltered, to request that the automobile be stopped and he be permitted to leave the car. . . . But this duty is not absolute and is dependent on circumstances. [Citations omitted.] *Where conflicting inferences may be drawn from the circumstances,* whether the failure of the passenger to avail himself of opportunity for affirmative action for his own safety should constitute contributory negligence is a matter for the jury.

*Samuels v. Bowers*, 232 N.C. 149, 153, 59 S.E. 2d 787, 790 (1950) (emphasis added). The issue of contributory negligence should not be submitted to the jury, however, if the evidence reveals that plaintiff was not on notice as to defendant's negligent behavior or, having notice, had insufficient time or opportunity to react. *Norfleet v. Hall*, 204 N.C. 573, 169 S.E. 143 (1933); *Gwaltney v. Keaton*, 29 N.C. App. 91, 223 S.E. 2d 506 (1976).

In the instant case, three witnesses offered evidence directly relevant to the accident in question. Defendant testified that the road on which the accident occurred had been freshly scraped, and that he had driven on the scraped portion for "maybe a mile" and was traveling at a maximum speed of 15 miles per hour when he came to a curve, encountered loose gravel, lost control of the truck, and ran into an embankment. A State Trooper who investigated the accident testified that the road on which the accident occurred was narrow and "curvey," with no shoulder and a "pretty steep" grade. Trooper Hollifield stated that there was

gravel "all over the road." The witness added that, at the time of his investigation, defendant told him he was traveling at approximately twenty-five miles per hour when the accident occurred. Defendant's brother, the third witness with knowledge of the accident, testified that defendant was not driving "too fast" or in a reckless fashion. We think it clear that this evidence does not permit "conflicting inferences" as to plaintiff's intestate's contributory negligence. The record is devoid of evidence tending to show that plaintiff was aware, or in the exercise of due care should have been aware, of negligent behavior on the part of defendant, or that plaintiff had opportunity to remonstrate with defendant prior to the accident. Indeed, assuming the evidence established such notice and opportunity, the result would be the same because the record contains no evidence tending to show that plaintiff did not in fact so remonstrate. Defendant had the burden of proof on the issue of plaintiff's intestate's contributory negligence and, having failed to introduce any evidence in support of his contentions in this regard, was not entitled to have the jury consider the question.

[2]    Defendant points to two pieces of evidence which, he contends, support submission of the issue of decedent's contributory negligence to the jury. First, defendant argues that the evidence shows that defendant had been drinking beer prior to the accident, and that Mr. Watson was aware of this. We do not find defendant's contention persuasive. The evidence showed that defendant had consumed three to five beers in a seven-to-eight-hour period, drinking the last one some two hours prior to the accident. There is no evidence that defendant's ability to operate the truck at the time of the accident was in any way impaired by the beer that he consumed two hours earlier. Defendant also puts much emphasis on testimony by the decedent's daughter that defendant was driving "too fast and weaving" some seven hours prior to the accident. We hold this evidence too remote as a matter of law, *Corum v. Comer*, 256 N.C. 252, 123 S.E. 2d 473 (1962), and insufficient to raise an inference of decedent's contributory negligence.

[3]    Plaintiff also contends that the court erred in denying plaintiff's motion for a directed verdict on the issue of defendant's negligence, arguing that defendant was barred from relitigating the issue of his negligence by the doctrine of *res judicata,* since

the issue of defendant's negligence was answered at the first trial in favor of plaintiff. We do not agree. When this Court remanded the case for a new trial because of an error in the instructions with respect to contributory negligence, it is clear the court did not err in retrying the issue of defendant's negligence. The issues of negligence, contributory negligence, and damage were so "inextricably interwoven" that a new trial on all issues was required. *See Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974). Likewise, upon remand for a new trial because there is no evidence in this record to warrant submitting the issue of contributory negligence, there must be a new trial on the issues of defendant's negligence, if any, and plaintiff's damages.

New trial.

Chief Judge VAUGHN and Judge WELLS concur.