ALAN DAVID CROWDER v. NORTH CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY

No. 8524SC872

(Filed 4 March 1986)

1. **Insurance § 69— underinsured motorist coverage—injury while riding in non-owned vehicle**

    Under both the terms of an automobile insurance policy issued to plaintiff's father and N.C.G.S. 20-279.21, the underinsured motorist coverage of the policy extended to injuries received by plaintiff while riding in a nonowned vehicle not insured under his father's policy.

2. **Evidence § 29; Insurance § 69— uninsurance or underinsurance—admissibility of insurer's written statement**

    By establishing a prima facie presumption of uninsurance or underinsurance for a written statement by a liability insurer, N.C.G.S. 20-279.21(b)(3) and (4) implicitly make such statements admissible into evidence in order to trigger the operation of the presumption. Furthermore, N.C.G.S. 20-279.21(b)(3) and (4) come within the "except as otherwise provided . . . by statute" exception to the hearsay and best evidence rules, Rules of Evidence 802 and 1002, so as to allow admission of a liability insurer's written statement that might otherwise be inadmissible under those rules.

3. **Automobiles and Other Vehicles § 94.7— riding with intoxicated driver—contributory negligence—insufficient evidence**

    The evidence was insufficient to require the trial court to submit an issue of plaintiff's contributory negligence in riding with an intoxicated driver where it tended to show that the accident in question occurred after 4:00 p.m.; the driver had been drinking liquor and riding horses between 9:00 a.m. and 12:00 noon and plaintiff was aware of this when he accepted a ride with the driver; prior to the accident, plaintiff had ridden with the driver four miles to the driver's girlfriend's house, but there was no evidence of any improper driving on this trip; there was no evidence that the driver consumed any alcohol while at his girlfriend's house or that he had any alcohol content in his system after 4:00 p.m.; and there was no evidence of any improper driving on the return trip from the driver's girlfriend's house up until the time of the accident.

APPEAL by defendant from *Lewis, Robert D., Judge.* Judgment entered 2 May 1985 in Superior Court, MADISON County. Heard in the Court of Appeals 12 December 1985.

Plaintiff was injured while riding as a passenger in a Jeep owned and operated by Ansel Sawyer, Jr. when the Jeep swerved off the road on which it was traveling into a creek. Plaintiff obtained a confession of judgment against Sawyer for $100,000 in damages. Sawyer's insurance company, United States Fire In-

surance Company, paid plaintiff $25,000, representing the full policy limit for automobile liability coverage on Sawyer's Jeep. An execution on the remainder of the judgment against Sawyer was returned unsatisfied.

Plaintiff's father had an insurance policy with defendant that included an uninsured/underinsured motorist endorsement. The only covered auto under the policy was a 1978 Dodge van. Plaintiff made a claim against defendant under the underinsured motorist endorsement for the amount by which the liability limits of the policy exceeded the amount collected from Sawyer and his insurance company. Defendant denied coverage, and plaintiff brought this action seeking payment from the underinsured motorist endorsement.

The court granted partial summary judgment in favor of plaintiff, ruling that plaintiff was covered by the policy. The court further ruled that the maximum plaintiff could recover from defendant was the uninsured motorist policy limit of $60,000 less the amount already recovered, $25,000, for a maximum possible recovery of $35,000.

The jury returned a verdict in favor of plaintiff, finding that he had suffered damages in excess of $60,000. From the judgment awarding plaintiff $35,000 plus interest and costs, defendant appeals.

*Harrell and Leake, by Larry Leake, for plaintiff-appellee.*

*Morris, Golding, Phillips & Cloninger, by William C. Morris, Jr., William C. Morris, III, and Jeff Dunham, for defendant-appellant.*

WHICHARD, Judge.

Defendant contends the court erred in granting partial summary judgment in favor of plaintiff. Specifically, defendant contends the court erroneously concluded as a matter of law that:

1. Unless otherwise excluded, the insurance policy provides coverage for Underinsured Motorists even though the insured is injured by the operation or use of an automobile which is not a "covered auto."

2. The Plaintiff is a "family member" as that term is defined in the insurance policy relating to Underinsured Motorist coverage.

3. Maximum coverage available to the Plaintiff is in the amount of $35,000, which represents the $60,000 maximum coverage for the Underinsured Motorist provision less the $25,000 received as a result of the liability insurance payment made on behalf of Ansel Junior Sawyer.

Regarding uninsured motorist coverage the policy here provides:

WHO IS INSURED

1. You or any family member.

2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.

"Family member" is defined earlier in this section as "a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child." Defendant does not contend that plaintiff is not a "family member" under this definition and is thus not an insured under the policy. Rather, defendant contends that the policy only covers the vehicle designated in the policy, namely, plaintiff's father's 1978 Dodge van. The policy's underinsured motorist coverage, according to defendant, does not extend to injuries from an accident which does not involve the insured listed vehicle but some other vehicle, in this case Sawyer's Jeep.

[1]   The issue is whether an insured person is covered by uninsured or underinsured motorist coverage when the insured or covered vehicle is not in any way involved in the insured's injuries. For reasons that follow, we hold that, under the particular circumstances of this case, coverage extends to those insured even though not in the covered vehicle at the time of injury.

"The avowed purpose of the Financial Responsibility Act, of which Sec. 279.21 is a part, is to compensate the innocent victims

of financially irresponsible motorists." *American Tours v. Liberty Mutual Insurance Company*, 315 N.C. 341, 346, 338 S.E. 2d 92, 96 (1986). "When a statute is applicable to the terms of a policy of insurance, the provisions of that statute become part of the terms of the policy to the same extent as if they were written in it." *Id.* at 344, 338 S.E. 2d at 95.

N.C. Gen. Stat. 20-279.21(b)(3) provides, in pertinent part:

> For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of such motor vehicle.

In essence, N.C. Gen. Stat. 20-279.21(b)(3) establishes two "classes" of "persons insured": (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle. *See Gulf American Fire & Casualty Co. v. McNeal*, 115 Ga. App. 286, 290-91, 154 S.E. 2d 411, 416 (1967). The latter class are "persons insured" under N.C. Gen. Stat. 20-279.21 only when the insured vehicle is involved. *Id.* The former class are "persons insured" even where the insured vehicle is not involved in the insured's injuries. *Id.* "[A]n exclusion which attempts to limit the protection available to those designated as insureds to only the insured vehicle would be contrary to [N.C. Gen. Stat. 20-279.21(b)(3)] and void." 8C J. Appleman, *Insurance Law and Practice*, Sec. 5078 at 177-78.

While defendant contends such an exclusion operates to deny plaintiff coverage here, plaintiff's father's policy clearly tracks N.C. Gen. Stat. 20-279.21(b)(3). The policy places no coverage limitation for "[the named insured] or any family member" but specifically requires "[a]nyone else [to be] occupying a covered auto or a temporary substitute for a covered auto" in order to be insured. The policy thus establishes the very two classes designated by the statute. Even if this policy's provisions attempted to

narrow the coverage classes established by N.C. Gen. Stat. 20-279.21(b)(3), since "[t]he provisions of the Financial Responsibility Act are 'written' into every automobile liability policy as a matter of law, . . . [these] terms of the policy [would] conflict with the statute, [and] the statute [would] prevail." *Insurance Co. v. Chantos*, 293 N.C. 431, 441, 238 S.E. 2d 597, 604 (1977).

Accordingly, we hold that under both the terms of plaintiff's father's policy and N.C. Gen. Stat. 20-279.21 the court correctly concluded that plaintiff was covered by this policy even though his injuries were unrelated to the use or operation of his father's 1978 Dodge van, which was the insured vehicle under the policy.

Our holding is expressly limited to allowing underinsured motorist coverage for insureds operating, or riding in, a *nonowned* vehicle. The facts do not present a question, and we expressly reserve deciding, whether an insured operating or riding in an *owned* but underinsured vehicle would be covered by the underinsured motorist provision in an owner's policy issued on another vehicle owned by the insured. *See* 8C J. Appleman, *Insurance Law and Practice*, Sec. 5078.15 at 179 ("It is scarcely the purpose of any insurer to write a single UM coverage upon one of a number of vehicles owned by an insured, or by others in the household, and extend the benefits of such coverage gratis upon all other vehicles . . . .").

[2] Defendant contends the court erred by admitting into evidence a letter from United States Fire Insurance Company to Ansel Sawyer, Jr. because this letter was inadmissible hearsay. Defendant also contends this letter was inadmissible under the "best evidence rule," now codified as N.C. Gen. Stat. 8C-1, Rule 1002. Plaintiff offered this letter as evidence of Sawyer's statutory liability coverage. Defendant contends that plaintiff was required under the Rules of Evidence to offer the original policy issued to Sawyer, instead of this letter, in order to establish this coverage. We disagree.

We hold, for reasons following, that the court properly admitted this letter under N.C. Gen. Stat. 20-279.21(b)(3) and (4). N.C. Gen. Stat. 20-279.21(b)(3) specifically provides that

> a written statement by the liability insurer, whose name appears on the certification of financial responsibility made by

the owner of any vehicle involved in an accident with the insured, that such other motor vehicle was not covered by insurance at the time of the accident with the insured shall operate as a prima facie presumption that the operator of such other motor vehicle was uninsured at the time of the accident with the insured for the purposes of recovery under this provision of the insured's liability insurance policy.

N.C. Gen. Stat. 20-279.21(b)(4), which requires the offering of underinsured motorist coverage, makes applicable to this coverage all of the statutory provisions for uninsured motorist coverage, including the above-quoted portion of N.C. Gen. Stat. 20-279.21(b)(3). Accordingly, a written statement by the liability insurer creates a prima facie presumption of an operator's underinsurance as well as uninsurance. By establishing a prima facie presumption of underinsurance for written statements like the Sawyer letter, N.C. Gen. Stat. 20-279.21(b)(3) and (4) implicitly make such statements admissible into evidence in order to trigger the operation of the presumption.

In general, "[e]xcept as modified by statute, the general rules which govern the competency, relevancy, and materiality of the evidence in civil actions apply in an action on an insurance policy in determining whether certain evidence offered is admissible or inadmissible." 46 C.J.S. Insurance Sec. 1322 at 461. Further,

[i]t is also a rule of statutory construction that "[w]here one statute deals with the subject matter in detail with reference to a particular situation and another statute deals with the same subject matter in general and comprehensive terms, the particular statute will be construed as controlling in the particular situation unless it clearly appears that the General Assembly intended to make the general act controlling in regard thereto, especially when the particular statute is later enacted." 7 Strong, N.C. Index 2d, Statutes, Sec. 5, p. 73.

*Utilities Comm. v. Electric Membership Corp.*, 3 N.C. App. 309, 314, 164 S.E. 2d 889, 892 (1968). *See also Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 238, 328 S.E. 2d 274, 279 (1985).

N.C. Gen. Stat. 8C-1, Rule 802 specifically provides that "[h]earsay is not admissible except as provided by statute or by

Crowder v. N. C. Farm Bureau Mut. Ins. Co.

these rules." Likewise N.C. Gen. Stat. 8C-1, Rule 1002 provides that "[t]o prove the content of a writing . . . the original writing . . . is required, except as otherwise provided in these rules or by statute." The "except as otherwise provided . . . by statute" exception under both Rule 802 and Rule 1002 clearly covers written statements under N.C. Gen. Stat. 20-279.21(b)(3). N.C. Gen. Stat. 20-279.21(b)(3) "deals with the subject matter in detail with reference to a particular situation," *Utility Comm.*, 3 N.C. App. at 314, 164 S.E. 2d at 892, and effectively modifies the general rules stated in Rule 802 and Rule 1002 by allowing admission of written statements that might otherwise be inadmissible under these general rules.

Defendant also contends that the court erred by admitting the *voir dire* testimony of Sawyer that he had liability coverage in the amount of $25,000. Assuming error, *arguendo*, we hold it harmless since such testimony was merely corroborative of the letter from United States Fire Insurance Company to Sawyer, which letter, as held above, was properly admissible. *See Hudson v. Hudson*, 21 N.C. App. 412, 413-14, 204 S.E. 2d 697, 698-99 (1974).

[3] Defendant finally contends the court erred in refusing to submit the issue of plaintiff's contributory negligence to the jury. Plaintiff, in turn, contends that neither the pleadings nor the evidence supported submission of this issue.

Citing *Lawson v. Benton*, 272 N.C. 627, 158 S.E. 2d 805 (1968), plaintiff maintains that an issue of contributory negligence based upon plaintiff's alleged knowledge of Sawyer's alleged intoxication could not be submitted to the jury unless specifically raised in the pleadings. "However, the record discloses that [plaintiff] never objected to [evidence of Sawyer's intoxication] on the specific grounds that the evidence offered was not within the issues raised by the pleadings." *McRae v. Moore*, 33 N.C. App. 116, 123, 234 S.E. 2d 419, 422-23 (1977). Accordingly, the rule of "litigation by consent" under N.C. Gen. Stat. 1A-1, Rule 15(b) applies to permit adjudication of this issue even though it was not formally raised by the pleadings. *Id.*

We further hold, however, that the evidence was insufficient to require the court to submit the issue of plaintiff's contributory negligence. In general, the test is whether the evidence, "considered in the light most favorable to the defendant, contains any

inference that the plaintiff himself was guilty of contributory negligence." *Howell v. Lawless*, 260 N.C. 670, 671, 133 S.E. 2d 508, 509 (1963). "If there is more than a scintilla of such evidence, it is a matter for the jury." *Id.* "The issue of contributory negligence should not be submitted to the jury, however, if the evidence reveals that plaintiff was not on notice as to [the driver's] negligent behavior or, having notice, had insufficient time or opportunity to react." *Watson v. Storie*, 70 N.C. App. 327, 329, 318 S.E. 2d 910, 911 (1984).

> A passenger or guest has a right to assume that the driver of the automobile will exercise proper care and caution, until he has notice to the contrary. His acceptance of the driver's manner of operating the vehicle ordinarily is not contributory negligence unless the driver's fault or incompetence is so obvious as to demand effort on the passenger's part to abate danger.

*Dinkins v. Carlton and Williams v. Carlton*, 255 N.C. 137, 140, 120 S.E. 2d 543, 544 (1961), *quoting* 5A Am. Jur., Automobiles and Highway Traffic Sec. 789.

Considering the evidence here in the light most favorable to defendant, we conclude that it contains no permissible inference that plaintiff was guilty of contributory negligence. The only pertinent evidence was that the driver, Sawyer, had been drinking liquor and riding horses between 9:00 a.m. and 12:00 noon on the day of the accident and that plaintiff was aware of this at the time he accepted a ride home with Sawyer from Sawyer's girlfriend's house. However, there was no evidence that Sawyer had any alcohol content in his system after 4:00 p.m. that afternoon when the accident occurred. Prior to the accident, plaintiff had ridden with Sawyer four miles to Sawyer's girlfriend's house. There was no evidence of any improper driving on this trip. Plaintiff and Sawyer stayed there for a period in which there was no evidence Sawyer consumed any alcohol. There was also no evidence of any improper driving on the return trip from Sawyer's girlfriend's house up until the time of the accident.

As in *Watson, supra*, we hold the evidence of Sawyer's drinking in the morning "too remote as a matter of law . . . and insufficient to raise an inference of [plaintiff's] contributory negligence." *Watson*, 70 N.C. App. at 330, 318 S.E. 2d at 912 (citation omitted).

Accordingly, we hold that the court did not err in refusing to submit this issue to the jury.

No error.

Judges BECTON and PARKER concur.